OPINION AND ORDER
CASELLAS, District Judge.
This case is before the Court on defendants’ separate motions for summary judgment (Dockets #8 and 21), which were duly opposed (Dockets # 13 and 23). Since the arguments which defendants advanced in their respective motions are virtually identical, we will address them as one. Defendants essentially aver that plaintiffs’ complaint should be dismissed because (a) plaintiffs have failed to join an indispensable party to the action which, if joined, would destroy this Court’s jurisdiction; (b) plaintiffs’ claims are precluded on res judicata and collateral estoppel grounds; and (c) plaintiffs’ claims do not constitute libel or slander under the laws of the Commonwealth of Puerto Rico. Upon careful examination of the facts, applicable law and legal theories advanced by both parties, defendants’ motion is hereby GRANTED.
THE FACTS
Plaintiff Antonio Estrada, Jr. (“Estrada”) is a harbor pilot licensed by the Puerto Rico Ports Authority (“PRPA”) as well as the United States Coast Guard (“USCG”) to work in the San Juan harbor area. On July 28, 1988, Estrada was placed in charge of bringing a vessel into the San Juan harbor, as a result of which the vessel was grounded. Following this incident, a USCG Administrative Law Judge found Estrada guilty of negligence; the ruling was affirmed thereafter by the Commandant of the USCG (Docket # 21, Sea-Land’s Motion for Summary Judgment, Exhibits B, I).
Meanwhile, on August 1, 1988, defendant Sea-Land Service (“SLS”), the rightful owner of the grounded vessel, informed the PRPA that it would no longer accept Estrada’s services (Docket # 21, Exhibit A). Estrada reacted to this measure by filing suit against SLS for libel and salvage (Docket # 21, Exhibit C). The case was dismissed on defendant’s summary judgment motion on the ground that the communications at issue were privileged (Civil No. 88-1574 (PG); Docket # 21, Exhibit E). Shortly thereafter, Estrada and SLS signed a settlement agreement, through which Estrada released SLS “from any and all actions, causes of actions, claims, controversies and disputes for reason of any past, present or future damage, loss, injury or prejudice, known or unknown, foreseen or unforseen, of any type ... because of letter dated August 1,1988, or any communication related thereto ...” (Docket # 21, Exhibit H).
Three years later, and in reaction to the numerous complaints which he received about Estrada; (Docket #21, Exhibit 1; Docket #8, Puerto Rico Marine Management, Inc.’s (“PRMMI”) Motion for Summary Judgment, Exhibit 1); PRPA’s Executive Director issued an order prohibiting Estrada from serving on either SLS or Na-vieras (PRMMI) vessels until such complaints were decided (Docket #21, Exhibit J). Shortly thereafter, Estrada filed the instant claim against SLS and PRMMI, in which he alleged that (a) defendants had banned him from boarding their vessels without just cause or procedural due process; and that (b) they initiated a campaign of defamation which led PRPA to suspend him from piloting defendants’ vessels (Docket # 1). Plaintiffs requested damages in the amount of one million, five thousand dollars ($1,005,000.00).
Plaintiffs also filed a separate suit against PRPA in the Puerto Rico Superior Court, in which they alleged that PRPA suspended Estrada’s license without just cause. On June 8, 1993, plaintiffs agreed to have a hearing examiner at the Pilot Advisory Board analyze the controversy and render findings of fact and conclusions of law (Docket 8, Exhibit 3). On May 22, 1996, the *131 hearing examiner held that PRPA’s decision not to renew Estrada’s license had been rendered with just cause (Docket # 21, Exhibit L). These findings are awaiting a final decision from PRPA’s Executive Director.
Finally, it should be noted that on August 16, 1996, the PRPA reinstated Estrada as a pilot, with the possible intention of transferring him to the Mayagüez area. The agency extended Estrada a provisional license for eighteen (18) months. Subsequently, on August 19, 1996, the USCG licensed Estrada to serve as pilot in the San Juan or Yabucoa areas (Docket # 23, Plaintiffs’ Opposition to Defendant Sea-Land Service, Inc.’s Motion for Summary Judgment, attached exhibits).
II. Summary Judgment Standard
As noted by the First Circuit,
summary judgment has a special niche in civil litigation. Its role is ‘to pierce the boilerplate of the pleadings and assay the parties’ proof in order to determine whether trial is actually required.’ Wynne v. Tufts University School of Medicine, 976 F.2d 791, 794 (1st Cir.1992), cert. denied, [507 U.S. 1030] 113 S.Ct. 1845 [123 L.Ed.2d 470] (1993). The device allows courts and litigants to avoid fall-blown trials in unwinnable cases, thus conserving the parties’ time and money and permitting courts to husband scarce judicial resources.
McCarthy v. Northwest Airlines, Inc., 56 F.3d 313, 315 (1st Cir.1995).
According to Rule 56(c) of the Federal Rules of Civil Procedure, a summary judgment motion should be granted when “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c). See also NASCO, Inc. v. Public Storage, Inc., 29 F.3d 28 (1st Cir.1994). It is not enough to conjure up an alleged factual dispute between the parties; to defeat summary judgment, there must exist a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986).
For a dispute to be “genuine,” there must be sufficient evidence to permit a reasonable trier of fact to resolve the issue in favor of the non-moving party. U.S. v. One Parcel of Real Property, 960 F.2d 200, 204 (1st Cir.1992). See also, Boston Athletic Assn., v. Sullivan, 867 F.2d 22, 24 (1st Cir.1989). By like token, “material” means that the fact is one that might affect the outcome of the suit under the governing law. Morris v. Government Development Bank of Puerto Rico, 27 F.3d 746, 748 (1st Cir.1994).
In determining whether to grant summary judgment, the Court may not, however, weigh the evidence. Casas Office Machines, Inc. v. Mita Copy star America, Inc., 42 F.3d 668 (1st Cir.1994). Summary judgment “admits of no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails.” Id. (citing Greenburg v. Puerto Rico Maritime Shipping Authority, 835 F.2d 932, 936 (1st Cir.1987)). Accordingly, if the facts permit more than one reasonable inference, the court on summary judgment may not adopt the inference least favorable to the non-moving party. Casas Office Machines, 42 F.3d at 684.
III. Applicable Law/Analysis
A. Plaintiffs’ Just Cause or Procedural Due Process Claim
Estrada claims that defendants SLS and PRMMI summarily banned him from piloting their vessels without just cause, or in the alternative, without affording him any due process. In response, defendants aver that it is PRPA who banned him from piloting SLS and PRMMI vessels, so that PRPA is an indispensable party to this action. Plaintiffs, they argue, did not include PRPA in the complaint simply because such an inclusion would have defeated this Court’s jurisdiction under Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (“in the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.” Id. at 99, 104 S.Ct. at 908); as *132 well as the Court’s diversity jurisdiction under 28 U.S.C. § 1332.
In the alternative, defendants argue that plaintiffs cannot possibly claim a violation of their due process because there is no state action involved in this case, so the forgoing constitutional guarantee does not apply. Moreover, they assert that only public employees can claim a property interest in their job, and harbor pilots are not considered public employees.
1. Lack of indispensable party
Rule 19 of the Federal Rules of Civil Procedure reads, in pertinent part:
(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person’s absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person’s absence may (i) as a practical matter impair or impede the person’s ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party.
(b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1) — (2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person’s absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person’s absence will be adequate; and fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder.
Fed.R.Civ.P. 19.
Defendants contend that PRPA is an indispensable party to the action because it is the only entity which has the power to suspend Estrada from carrying out his services, and to reinstate him thereafter. According to them, plaintiffs will be unable to receive a complete judgment if PRPA is not joined as a defendant, since even if defendants reversed their policy and accepted Estrada’s services, he would still be unable to work because of the license requirement.
More significantly, defendants point to federal court decisions which have held that an agency is considered an indispensable party whenever a court must go through the agencies’ actions in order to fashion a remedy for the plaintiffs. See Navajo Tribe of Indians v. State of New Mexico, 809 F.2d 1455, 1456 (10th Cir.1987); McKenna v. Udall, 418 F.2d 1171, 1174 (D.C.Cir.1969).
Plaintiffs, on the other hand, argue that joinder in this case is merely desirable, but not mandatory, because neither the parties nor the absentee (PRPA) would be affected by a ruling in the instant case, nor would they risk having to incur in multiple litigation expenses.
Plaintiffs’ unsupported assertions are without merit. The Dock and Harbor Act of 1968 explicitly states that “[t]he pilot service in the harbors of Puerto Rico shall be under the control of the [Puerto Rico Ports] Authority.” 23 L.P.R.A. § 2401. Furthermore, the Act provides that “[n]o person shall offer pilot service in the harbors of Puerto Rico unless he has a pilot license issued by the Authority ...” 23 L.P.R.A. § 2403. The Authority’s power to grant licenses and determine whether a pilot is competent to provide the required services is, according to the law, not delegable. 23 L.P.R.A. § 2406. Similarly, only the Authority’s Executive Director may temporarily or permanently suspend or revoke a license before its expiration. 23 L.P.R.A. § 2407.
*133 Given that PRPA is the only organism that can determine whether or not to reinstate Estrada as a pilot, and that it was PRPA, and not defendants, which banned him from piloting any of defendants’ vessels, complete relief cannot be accorded among those already parties. More importantly, as the state agency which determines who is competent to pilot vessels into the various Puerto Rico harbors, PRPA does have an interest in ensuring that its determinations are subsequently enforced. The disposition of this case in PRPA’s absence could very well impair the agency’s ability to protect its interest in ensuring that only competent pilots are employed by defendants, as well as other shipping companies.
In addition to the forgoing, at least three of the factors which, according to Rule 19, must be contemplated in order to determine whether or not to consider a party indispensable are met in the instant case. First, a judgment in this case could be prejudicial to PRPA; and little can be practically done to reduce the possibility of prejudice. Also, a judgment in its absence would not constitute adequate relief for plaintiffs, since Estrada would be unable to resume his services as a pilot. Finally, this Court would undoubtedly have to examine PRPA’s actions in order to render a judgment in this case, since it was PRPA who banned plaintiff from piloting defendants’ vessels and could have arguably acted without just cause.
Given that the forced joinder of PRPA would, as defendants argue, deprive this Court of jurisdiction over the case, either under Pennhurst (because PRPA is a public corporation, created pursuant to 28 L.P.R.A. § 333), or under the diversity jurisdiction rules, (because plaintiff and defendant PRPA would both be Puerto Rico residents), plaintiffs’ due process claim warrants dismissal under Rule 19.
2. Procedural due process clause
Assuming, arguendo, that the due process claim could not be dismissed for lack of an indispensable party, it would nevertheless warrant dismissal under the procedural due process doctrine.
A fundamental principle of federal constitutional law is that “the Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities.” Rendell-Baker v. Kohn, 457 U.S. 830, 837, 102 S.Ct. 2764, 2769, 73 L.Ed.2d 418 (1982). The Court in Rendellr-Baker further held that in determining the existence of state action in a particular case, “the relevant question is not simply whether a private group is serving a public function”; ... the question is whether the function performed has been “traditionally the exclusive prerogative of the State.” Id. At 842, 102 S.Ct. at 2771.
Defendants in the present action are private corporations organized pursuant to the laws of the state of New Jersey. See Complaint, Docket #1. As such, they are not state actors subject to the constraints of the Fourteenth Amendment procedural due process clause. Only “[wjhere a person’s good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential (emphasis ours).” Wisconsin v. Constantineau, 400 U.S. 433, 437, 91 S.Ct. 507, 509, 27 L.Ed.2d 515 (1970); cited in Board of Regents of State Colleges v. Roth, 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972). Plaintiffs do not comply with this requirement; thus, their due process claim is without merit.
B. Libel and slander claim
The forgoing arguments do not, however, dispose of plaintiffs’ libel and slander claim. Therefore, the Court will address it separately. Plaintiffs essentially aver that:
[cjommencing on or about August 1st, 1988, the defendants, by their officers and employees, began a campaign of defamation via derogatory expressions against Captain Estrada to the extent that, on June 3rd, 1993, Captain Estrada was for all purposes suspended by the Ports Authority of the Commonwealth of Puerto Rico from providing harbor pilot and docking and undocking services to the defen *134 dants’ vessels arriving and/or departing San Juan harbor.
Docket # 1, at 2. Defendants, on the other hand, contend that Estrada’s libel and slander claim is precluded under the res judicata or collateral estoppel doctrines. In the alternative, they argue that the conversations which gave rise to this suit are not libelous or slanderous.
1. Applicability of Res Judicata Doctrine
The First Circuit has established that where “the judgment in the first action [is] rendered by a federal court, the preclusive effect of that judgment in the [second] diversity action is governed by federal res judicata principles.” Pom v. National Grange Mutual Insurance Co., 93 F.3d 31, 32 (1st Cir.1996); see also Apparel Art, Intern., Inc. v. Amertex Enters., Ltd., 48 F.3d. 576, 582-83; (1st Cir.1995); Johnson v. SCA Disposal Servs. Inc., 931 F.2d 970, 974 (1st Cir.1991). Since the first judgment which defendants aver precludes plaintiffs from re-litigating this ease was rendered by a federal court, it is the federal res judicata and collateral estoppel rules which govern over the instant case.
Under the federal rule of res judicata, also referred to as claim preclusion, a valid and final personal judgment is conclusive of a claim. If the judgment is for the plaintiff, the claim is extinguished and merged in the judgment; if the judgment is for the defendant, the plaintiff is barred from reasserting the claim. Restatement of Judgments 2d § 17. Claim preclusion applies “not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.” Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195 (1877); see also Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 329, 91 S.Ct. 1434, 1442, 28 L.Ed.2d 788 (1971); Parklane Hosiery Co. v. Shore, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).
A claim is deemed precluded if three elements are established: (1) if there was a final judgment on the merits in a prior action; (2) if the parties in the two suits are sufficiently identical; and (3) if the causes of action in the two cases are sufficiently identical. Apparel Art Intern., Inc. v. Amertex Enters., Ltd., 48 F.3d 576, 583 (1st Cir.1995).
Under the related doctrine of collateral estoppel, also termed issue preclusion, when an issue of fact or law is actually litigated and solved through a valid and final judgment, and the determination as to that issue is essential to the judgment, such a finding is deemed conclusive in a subsequent action between the parties, even if it deals with a different claim. Restatement of Judgments 2d § 27; 18 Wright, Miller & Cooper, Jurisdiction §§ 4416-4419. If the issue is, indeed, determinative of the outcome of the first case, it will preclude further litigation “in a suit on a different cause of action involving a party to the first case (emphasis ours).” Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980); referring to Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1978).
Plaintiffs in the instant case aver that the forgoing claim and issue preclusion principles are inapplicable to the instant case because (a) PRMMI was not a party to the first case; and (b) the instant case refers to events which occurred after the first ease was decided. As to the first claim, it should be noted that in determining whether the mutuality requirement is met, the Supreme Court has ruled out a literal interpretation of the claim and issue preclusion rules. “The broader question,” it has stated, “is whether it is any longer tenable to afford a litigant more than one full and fair opportunity for judicial resolution of the same issue.” Blonder-Tongue Lab., 402 U.S. at 328, 91 S.Ct. at 1442. Where, as in the instant case, “a defendant, because of the mutuality principle, is forced to present a complete defense on the merits to a claim which the plaintiff has fully litigated and lost in a prior action, there is an arguable misallocation of resources.” Id. at 328-29, 91 S.Ct. at 1442-43. Therefore, what must thus be determined is whether the issues involved in the first and the instant case are identical, and if so, whether Estrada had a fair and full opportunity to litigate them.
As mentioned above, the issues which gave rise to the original case were the letter that *135 SLS sent to PRAP, informing him of Estrada’s negligence and of their determination not to use him again to phot any of their vessels. The district court held that this action did not constitute libel or 'slander because the contents of the letter and the conversations which ensued as a result of it were privileged under Puerto Rico law. Shortly after the suit was dismissed and while an appeal was pending, the parties to this action signed the aforementioned stipulation, where plaintiffs agreed never to re-litigate this or any other issue related to the relevant letter.
As to defendant SLS, there is no doubt that the res judicata and collateral estoppel principles apply. Plaintiffs were granted a fair opportunity to litigate the issue on the merits. Their claim that the instant case deals with new events is without merit. As SLS argues, “any and all communications by Sea-Land to its captains, vessels, staff or the relevant governmental authorities, concerning the plaintiff’s service as a pilot on Sea-Land’s vessels simply concerned the implementation of the agreement.” Docket # 21, at 8. The only independent event which, according to the documentary evidence submitted by SLS, took place after the stipulation and judgment, was PRPA’s order prohibiting Estrada from serving on SLS or PRMMI vessels. Since PRPA is not a party to this action, this event is irrelevant for res judicata purposes.
We cannot, however, arrive to the same conclusion as to PRMMI. Defendant PRMMI was not a party in the original case, nor was it in any way related to defendant SLS. Furthermore, the letter which its manager wrote, and which gave rise to this suit, was completely unrelated to SLS’ letter. It did not arise from the same set of facts, nor was it , written while the first case was pending before the Court. Nevertheless, we need not address the issue of whether the claim or issue preclusion doctrines are applicable to this defendant because, even if the prior judgment against SLS does not preclude a judgment against PRMMI, we are persuaded that the Court’s holding in that case is applicable to the instant libel claim. See Docket # 21, Exhibit E, Estrada v. Sea-Land Service, Inc., et al., Civil No. 88-1574(PG) (D.P.R. September 18, 1989).
2. Application of libel and slander law
In the original claim, the Court made it clear that the communications in which SLS engaged as a result of the letter it sent PRPA were privileged, and thus not libelous. In support of this holding, the Court referred to section 4 of the Puerto Rico Libel and Slander Act, 32 L.P.R.A. § 3144, which confers a qualified privilege upon communications made “[t]o a Commonwealth official[1] upon probable cause with the intention of serving the public interest or securing the redress of a private wrong.” Id. at 4. The Court concluded that PRPA officials were Commonwealth officials for the purposes of the Libel and Slander Act. Id.
As to the inter-company communications which ensued from the allegedly libelous letters, they were also regarded as privileged conversations “between persons having a business or similar association. 32 L.P.R.A § 3145.” Id. At 6. See also Porto v. Bentley Puerto Rico, Inc., 92 J.T.S. 175 (1992). We are persuaded by this, as well as by SLS’s assertion that “[a]n internal business communication conveying information which the person receiving it is required to know is not libelous. Porto v. Bentley, supra.” Docket # 21, at 14r-15.
The letter which PRMMI sent to PRPA contained virtually the same information as SLS’. Furthermore, the record does not demonstrate PRMMI acted with malice or abused the privilege to which it was entitled under the Libel and Slander Act. As the Court stated in its original opinion, “[t]o show malice, plaintiffs must be able to prove that the communication was ‘[m]ade without justifiable motive’ or for ‘[ijmproper reasons’.” Estrada v. Sea Land Service, et al., Civil No. 88-1574(PG), at 6-7 (citations omitted). PRMMI had a legitimate reason for sending its letter, and for taking measures against Estrada. The fact that PRPA’s decision to suspend Estrada’s license was later held to have been made with just cause provides further proof that PRMMI did not act *136 with malice. Therefore, the same rules which applied to SLS should be applied in PRMMI’s case.
In view of the above discussion, defendants’ motions for summary judgment (Dockets #8 and 21) are GRANTED and plaintiffs’ complaint is DISMISSED. Judgment shall be entered accordingly.
SO ORDERED.

. The original version reads: “a un funcionario oficial”.32 L.P.R.A. § 3144.