**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 05-1041

LLOYD MATTHEWS,

Plaintiff, Appellant,

v.

PAUL CORDEIRO, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Torruella, Lynch and Howard,
Circuit Judges.

Lloyd Matthews on memorandum in lieu of appellate brief pro se.
Nancy Ankers White, Special Assistant Attorney General, and Julie E. Daniele, Counsel, Department of Correction on brief for appellees.

December 11, 2007

**Per Curiam**.  Lloyd Matthews sued several prison officials claiming that he was beaten on two occasions while incarcerated at MCI Cedar Junction.  The claim alleging a March 2000 beating was rejected because Matthews had failed to exhaust his administrative remedies prior to bringing suit.  See the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e(a).  Matthews went to trial on a claim alleging a January 11, 2001 beating.  Peter Pepe, who was superintendent of MCI Cedar Junction in January 2001, was granted a directed verdict at the close of the evidence on Matthews' theory of supervisory liability.  The jury considered the claim against Corrections Officers Paul Cordeiro and Michael Domingos and found in the officers' favor.  The jury also considered a counterclaim for assault and battery filed by Domingos against Matthews and found in favor of Matthews on this counterclaim.  Matthews has appealed.  We affirm.

1.  Dismissal of the March 2000 claim

Matthews concedes that he did not exhaust any administrative remedy regarding the March 2000 claim of excessive force, but he claims that exhaustion was not required until January 2001.  Whatever the exhaustion requirements of *state law*, PLRA, which was enacted in 1995, required Matthews to exhaust his administrative remedies as a condition precedent to filing in federal court.  In addition, Matthews concedes that claims of excessive force during the March 2000 time period were treated as

-2-

complaints and sent directly to the superintendent. Whether or not these claims were thus processed in a procedural manner different from other grievances, PLRA requires that "*[a]ll* available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective." Porter v. Nussle, 534 U.S. 516, 524 (2002) (emphasis added) (citation and internal quotation marks omitted). So long as there are administrative remedies available -- and the practice of referring claims of excessive force directly to the superintendent evidences such an administrative remedy -- PLRA required Matthews to exhaust it. He concedes that he did not. This claim was correctly dismissed for failure to exhaust administrative remedies.[1]

2. Denial of discovery and witnesses

We review a district court's discovery ruling for abuse of discretion. See Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 64 n.7 (1st Cir. 2003). There was no such abuse in this case. Although Matthews had a dozen blank cassette tapes he could have used for deposition purposes, he refused to do so, arguing they were in reserve for other litigation, even though the tapes could be replenished when the supply was depleted. The defendants provided some documentary discovery, although not everything Matthews sought. After four years, the court did not abuse its

---

[1]Matthews' motion for leave to expand the record to include non-record documents is denied. In any event, the documents would have no substantive effect on the outcome of this appeal.

discretion in placing this case on the running trial list and denying further discovery efforts.  Moreover, we are not persuaded by any of Matthews' claims of prejudice from lack of discovery.

There was neither error of law nor abuse of discretion in denying Matthews' requests for subpoenas or writs of habeas corpus ad testificandum.  "[F]ederal courts are not authorized to waive or pay witness fees on behalf of an in forma pauperis litigant." Malik v. Lavalley, 994 F.2d 90, 90 (2d Cir. 1993).  And, in any event, to the extent that Matthews describes expected testimony by proposed witnesses, that testimony appears incompetent, irrelevant, or, at best, cumulative.

3.  The counterclaim

There was no abuse of discretion in permitting the counterclaim to be filed.  In any event, in light of the fact that the jury rejected the counterclaim, the issue of the timeliness of its filing is moot.

4.  Jury instructions

Matthews argues that, apart from instructing that his claim stemming from the January 2001 incident alleged a violation of the 8th Amendment right to be free from cruel and unusual punishment, the court should have given an additional and separate instruction on assault and battery.  But Matthews' objections were somewhat garbled - seemingly confusing his claim of assault and battery with a right to claim self defense in response to Officer

-4-

Domingos' counterclaim. Tr. 11/10/2004 at p. 89. And, Matthews did no more than raise a general complaint about the failure to instruct on assault and battery, i.e., Matthews never presented the court with his own proposed instruction or explained how and why he thought the elements were distinct. Nor, for that matter, has he done so on appeal.

"[P]arties objecting to a trial judge's instruction must not only identify the error but also proffer a correct instruction or otherwise explain how the alleged error in the charge could be corrected." Estate of Keatinge v. Biddle, 316 F.3d 7, 15 (1st Cir. 2002) (quoting Scarfo v. Cabletron Sys., Inc., 54 F.3d 931, 944 (1st Cir. 1995)). "In general, objections to a trial judge's charge to the jury must be clear enough and explicit enough to tell the trial judge what the party wishes the trial judge to say in order to correct the alleged error." Scarfo v. Cabletron Sys., Inc., 54 F.3d at 946. Accordingly, we review only for plain error, including whether it was sufficiently fundamental to threaten the fairness or integrity or public reputation of the judicial proceedings. Estate of Keatinge v. Biddle, 316 F.3d at 16 (quotation and citation omitted). In light of that standard, there was no plain error in failing to give an additional and separate instruction on assault and battery.

The court refused to instruct on a claim of harassment, reciting that, to the extent that such a claim was not covered in

the given charge, the court was excluding it for failure to exhaust. There was no error. For reasons addressed <u>supra</u>, we reject Matthews' contention that exhaustion was not required.

5. <u>Directed verdict</u>

There was no error in the directed verdict in favor of (then) Superintendent Pepe. In all events, with no finding of a constitutional violation, there can be no supervisory liability. <u>See</u> <u>Hatfield-Bermudez</u> v. <u>Aldanondo-Rivera</u>, 496 F.3d 51, 63 (1st Cir. 2007).

6. <u>Evidentiary rulings</u>

We have reviewed Matthews' numerous complaints about various evidentiary rulings, including the court's refusal to permit evidence of Officer Domingos' subsequent and unrelated termination. There was no abuse of discretion in any of contested rulings.

The judgment of the district court dated November 12, 2004 is <u>affirmed</u>.