Jose Julian **CRUZ–BERRIOS**, Plaintiff,

v.

Carlos **GONZALEZ–ROSARIO**,
et al., Defendants.

**Civil No. 04–1490 (FAB).**

United States District Court,
D. Puerto Rico.

Sept. 18, 2008.

Edgardo Cartagena-Santiago, Ramon E. Dapena, Victor J. Quinones-Martinez, Goldman Antonetti & Cordova, San Juan, PR, for Plaintiff.

Yadhira Ramirez-Toro, Dept. of Justice, Com. of Puerto Rico, Gloria Robison-Guarch, Maria del Mar Quinones-Alos, Dept. of Justice, Federal Litigation Div., Leila S. Castro-Moya, ASSMCA, Legal Div., San Juan, PR, for Defendants.

## OPINION AND ORDER

BESOSA, District Judge.

Plaintiff Jose Julian Cruz–Berrios is an inmate serving a sentence under the jurisdiction of the Department of Corrections of the Commonwealth of Puerto Rico, originally at the Guayama Correctional Complex ("Guayama Prison") and later in the Maximum Security section of the Ponce Correctional Complex, also known as "Las Cucharas."

On March 25, 2004, Cruz–Berrios filed a complaint in the Superior Court of Ponce ("Cruz I") for damages pursuant to Article 1802 of the P.R. Civil Code, P.R. Laws Ann. tit. 31 § 5141. Plaintiff's claims where premised on the alleged use of excessive force, violation of his rights and abuse by correctional officers on two occasions, on November 9, 2002 and February 28, 2004.

On May 25, 2004, Cruz–Berrios filed a *pro se* complaint in this Court pursuant to 42 U.S.C. § 1983 for an alleged deprivation of his civil rights ("Cruz II"). (Docket No. 2) Cruz–Berrios later amended his complaint, this time through counsel. (Docket Nos. 18 and 25) In Cruz II, plaintiff alleges to be the "object of selective persecution, retaliation, harassment and beatings ordered and/or allowed by Defendants as reprisal for Plaintiff's denouncement of illegal activities committed by them and/or others." The amended complaint included the incidents of alleged use of excessive force, violation of his rights and abuse by correctional officers that occurred on November 9, 2002 and February 28, 2004. (Docket No. 25, ¶¶ 36–62) It also includes "new" incidents of abuse and beating that took place on August 18, 2004 and March 2, 2005.[1] (*Id.* ¶¶ 63–85)

Cruz I went to trial and judgment was entered against plaintiff on October 15, 2006. The judgment was affirmed on appeal on November 30, 2007. (Docket No. 86, Exh. 2)

This court dismissed plaintiff's claims arising from the alleged aggression of November 9, 2002 as time barred. (Docket Nos. 44 and 58)

On July 16, 2008, the parties were ordered to show cause why this case should not be dismissed. (Docket No. 93) Both parties complied. (Docket Nos. 96 and 99)

---

1. The complaint in Cruz I was never amended to include these two "new" incidents.

Having considered the pleadings in this case, the arguments presented by the parties and the applicable case law, the Court finds that plaintiff is collaterally estopped from litigating the claims he asserts in this case and **DISMISSES** this case **WITH PREJUDICE.**

## I. COLLATERAL ESTOPPEL

In general, the doctrines of *res judicata* and collateral estoppel "... prevent the waste of judicial and party resources through vexatious and multiple lawsuits and encourage the rendering of consistent, reliable adjudications." *Esteves v. Ortiz Alvarez,* 678 F.Supp. 963, 965 (D.P.R. 1988).

▮▮▮▮ The Supreme Court has expressed that under "the federal full faith and credit statute, 28 U.S.C. § 1738, federal courts in Section 1983 actions must accord the same preclusive effect to state court judgments—both as to claims and issues previously adjudicated—as would be given in the state court system in which the federal court sits." *Migra v. Warren City School Dist. Bd. of Education,* 465 U.S. 75, 83–84, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). Thus, *res judicata* operates as an absolute bar to the relitigation of the same cause of action between parties (or their privies). *Westcott Construction Corp. v. Firemen's Fund of New Jersey,* 996 F.2d 14, 16 (1st Cir.1993) (*quoting Griffin v. State of R.I.,* 760 F.2d 359, 360 (1st Cir.1985)). Accordingly, this court must give full faith and credit to final judgments rendered by the Commonwealth's courts. *Baez–Cruz v. Municipality of Comerio,* 140 F.3d 24, 28 n. 1 (1st Cir.1998).

To determine the preclusive effect to be given in this court to a judgment rendered by a Commonwealth court, the court must look to Puerto Rico law. *See* 28 U.S.C. § 1738; *see also Cruz v. Melecio,* 204 F.3d 14, 18 (1st Cir.2000).

Article 1204 of the Puerto Rico Civil Code states, in pertinent part, that:

In order that the presumption of the *res judicata* may be valid in another suit, it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such.

P.R. Laws Ann. tit. 31, § 3343.

Although this provision only refers to *res judicata,* it encompasses as well collateral estoppel, also termed issue preclusion. *Muniz Cortes v. Intermedics, Inc.,* 229 F.3d 12, 14 (1st Cir.2000); *Baez–Cruz,* 140 F.3d at 29; *Texaco Puerto Rico, Inc. v. Medina,* 834 F.2d 242, 245–46 (1st Cir. 1987) *citing A & P Gen. Contractors v. Asociacion Cana, Inc.,* 110 D.P.R. 753 (1981).

The Supreme Court of Puerto Rico has held that when an issue "essential to the prior judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive in subsequent litigation among the parties." *Muniz Cortes,* 229 F.3d at 13 (internal citations omitted); *see also A & P Gen. Contractors,* 110 D.P.R. at 762; *Pereira v. Hernandez,* 83 D.P.R. 160 n. 7 (1961).

▮▮▮▮ Thus, *res judicata* principles operate to preclude claims that were or could have been raised in a previous suit for which judgment has been rendered. "Under the related doctrine of collateral estoppel, ..., when an issue of fact or law is actually litigated and solved through a valid and final judgment, and the determination as to that issue is essential to the judgment, such a finding is deemed conclusive in a subsequent action between the parties, even if it deals with a different claim. If the issue is, indeed, determinative of the outcome of the first case, it will preclude further litigation 'in a suit on a different cause of action involving a party

to the first case.'" *Estrada v. Sea–Land Service, Inc.,* 939 F.Supp. 129, 134 (D.P.R. 1996) (*citing Allen,* 449 U.S. at 94, 101 S.Ct. 411)

▮ While changed circumstances may defeat collateral estoppel, it remains appropriate where the changed circumstances are not material. *Ramallo Bros. Printing, Inc. v. El Dia, Inc.,* 490 F.3d 86, 90–91 (1st Cir.2007) Indeed, the First Circuit Court of Appeals has held that a plaintiff cannot avoid the bar of collateral estoppel simply by suing a defendant for continuing the same conduct that was found to be lawful in a previous suit brought by the same plaintiff. *Id.* at 91; *see also Pignons S.A. de Mecanique v. Polaroid Corp.,* 701 F.2d 1, 2 (1st Cir.1983) (finding that collateral estoppel applied to the second suit **even though the new facts post-dated the allegations in the first suit, because the new facts were not materially different.** Moreover, new legal theories cannot be used to circumvent collateral estoppel because "one opportunity to litigate an issue fully and fairly is enough.")

▮ In the context of a civil rights claim, "Section 1983 does not operate as a device to collaterally attack adverse decisions in state court. As long as plaintiff was accorded a full and fair opportunity to litigate an issue in state court, the doctrine of collateral estoppel applies to [section] 1983 claims brought in federal court." *Esteves,* 678 F.Supp. at 967.

## II. LEGAL ANALYSIS

In this case, Plaintiff asserts that he is not relitigating Cruz I. He seeks to circumvent the application of collateral estoppel by arguing that the incidents that allegedly occurred on August 18, 2004 and March 2, 2005, were not adjudicated by the state court in Cruz I. Thus, "claim of preclusion does not preclude litigation of claims based on activity which took place

after the date of the events that are the basis for entry of the judgment" and "he has a right to litigate here claims not disposed of by the state courts in Cruz I." (Docket No. 96, pp. 7–8) Plaintiff is wrong.

▮ Having reviewed the claims asserted by plaintiff in both Cruz I and Cruz II, it is clear that plaintiff's complaint in this case is nothing more than an attempt to relitigate the claims already dismissed by the state court. In plaintiff's own words his claims in Cruz II are nothing more than an alleged "**continuing** pattern of violation of his constitutional rights." (Emphasis added) Moreover, plaintiff had a full and fair opportunity to fully litigate his claims, *including the incidents of August 18, 2004 and March 2, 2005,* in state court. He chose not to.

At the time that Cruz I went to trial (back in 2006), plaintiff could have litigated the "new" claims that he stated in his second amended complaint, but failed to do so. Furthermore, plaintiff has failed to show that these "new facts" (the incidents of August 18, 2004 and March 2, 2005) are material under the legal rules that control the outcome, as required by law. (Docket No. 99, p. 5) *see Pignons,* 701 F.2d at 2; *see also Go–Video Inc. v. Matsushita Elec. Indus. Co,* 11 F.3d 1460, 1464 (9th Cir. 1993) Claims barred by collateral estoppel where "[d]istinct conduct is alleged only in the limited sense that every day is a new day, so doing the same thing today as yesterday is distinct from what was done yesterday."; *Exhibitors Poster Exch., Inc. v. Nat'l Screen Serv. Corp.,* 517 F.2d 110, 116 (5th Cir.1975) (plaintiff's claims barred by collateral estoppel where the plaintiff sued the defendant for continuing a course of conduct that was previously adjudged lawful)

Plaintiff also argues that Cruz II is different because a section 1983 claim "is not the same cause of action as that under

Puerto Rico Article 1802." Again, plaintiff's argument is misplaced. As already discussed, "[s]ection 1983 does not operate as a device to collaterally attack adverse decisions in state court. As long as plaintiff was accorded a full and fair opportunity to litigate an issue in state court, the doctrine of collateral estoppel applies to [section] 1983 claims brought in federal court." *Esteves,* 678 F.Supp. at 967; *see also Keystone Shipping Co. v. New England Power, Co.,* 109 F.3d 46, 51 (1st Cir. 1997) (explaining that "[t]he principle of collateral estoppel, or issue of preclusion, ... bar relitigation of any factual or legal issue that was actually decided in previous litigation between the parties, whether on the same or a different claim.") (Internal citations omitted) and *Cruz,* 204 F.3d at 18 (1st Cir.2000) (The "fact that a suit raises a federal question or seeks to vindicate federal constitutional rights does not blunt the force of [the command given by the Full Faith and Credit Clause].")

Plaintiff finally asserts that the parties in Cruz I and Cruz II are not identical. Because of this, he further alleges, the requirement of identity of parties has not been met in this case. According to plaintiff, he was the only plaintiff in Cruz I and the Commonwealth of Puerto Rico was the only defendant. In Cruz II, however, there are 19 defendants other than from the Commonwealth.

A review of the judgment issued in Cruz I shows quite the opposite. Plaintiff seems to forget that he named as defendants, both in their individual and personal capacities, some of the officers that are also defendants in this case.[2]

In any event, if the requirement that there be perfect identity of the parties is not met, a party may still invoke collateral estoppel if the litigants of the second suit are legal representatives of those who litigated in the preceding suit, or when they are jointly bound to them. *Sanchez–Nunez v. Puerto Rico Elec. Power Authority,* 509 F.Supp.2d 137, 147 (D.P.R.2007); *Baez–Cruz,* 140 F.3d 24; *Schneider v. Colegio de Abogados de Puerto Rico,* 670 F.Supp. 1098 (D.P.R.1987); *Diaz–Buxo v. Trias Monge,* 451 F.Supp. 552 (D.P.R. 1978) *citing Cardillo v. Zyla,* 486 F.2d 473, 475–76 (1st Cir.1973) ("[I]dentity of the parties and mutuality of estoppel are no longer required in applying collateral estoppel. 'What is required is that the party against whom the plea is asserted ... have been a party or in privity with a party to the prior adjudication.' ")[3] Therefore, collateral estoppel is not precluded here because some of the defendants in Cruz II were not named parties in the state court proceedings.

Accordingly, plaintiff is collaterally estopped from litigating the claims asserted in this case. His claims are hereby **DISMISSED WITH PREJUDICE.** Judgment shall enter accordingly.

**IT IS SO ORDERED.**

---

**2.** For example, Mr. Cruz listed as defendants: Sergeant Ledee, Sergeant Reinaldo Suren, Officer O'Farril and Carlos Gonzalez Rosario. (Docket No. 86, Exh. 3)

**3.** Plaintiff cites a First Circuit opinion decided under Maine Law to support his contention. He seems to ignore, however, that to determine the preclusive effect to be given in this court to a judgment rendered by a Commonwealth court, the court must look to **Puerto Rico law.** *See* 28 U.S.C. § 1738; *see also Cruz,* 204 F.3d at 18. As the First Circuit Court of Appeals acknowledged in *Baez–Cruz,* "[a]lthough the language of the provision calls for the most perfect identity of the persons between the first and the second case ... the Puerto Rico courts do not read the requirement literally." *Baez–Cruz,* 140 F.3d at 29.