Jose Julian CRUZ–BERRIOS, Plaintiff,

v.

Rafael OLIVER–BAEZ,
et al., Defendants.

Civil No. 04–1490 (FAB).

United States District Court,
D. Puerto Rico.

June 17, 2011.

Edgardo Cartagena–Santiago, Victor J. Quinones–Martinez, Usera Morell Bauza Dapena & Cartagena LLP, Ramon E. Dapena, San Juan, PR, Javier Lopez–Perez, Lopez Perez Law Offices, Sherman Oaks, CA, for Plaintiff.

Yadhira Ramirez–Toro, Maria Del Mar Quinones–Alos, Department of Justice, San Juan, PR, for Defendants.

## OPINION AND ORDER [1]

BESOSA, District Judge.

Before the Court is a motion in compliance with the Court's order requiring plaintiff Jose Julian Cruz–Berrios ("plaintiff" or "Cruz–Berrios") to indicate whether he properly exhausted available administrative remedies before filing suit in this Court in accordance with the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a). (Docket No. 138.) Having considered plaintiff's motion along with defendants' response, the Court notes plaintiff's motion and **DISMISSES this action, with prejudice.**

## I. Background

In March, 2004, plaintiff, an inmate serving a sentence under the jurisdiction of the Puerto Rico Department of Corrections ("PR DOC"), filed suit in the Puerto Rico Court of First Instance alleging that officers in the correctional facility where he was being housed had assaulted him on two separate occasions—the first on November 9, 2002 and the second on February 28, 2004. *See Cruz Berrios v. Gonzalez–Rosario,* 630 F.3d 7, 10 (1st Cir.2010) (*"Cruz Berrios II"*).

In May, 2004, plaintiff filed a *pro se* complaint in this Court pursuant to 42 U.S.C. § 1983 making similar allegations. (Docket No. 2.) He amended the federal complaint twice, each time adding allegations of additional incidents of abuse—one on August 18, 2004 and another on March 2, 2005. (*See* Docket No. 18; Docket No. 25.) The second amended complaint contained allegations relating to four separate incidents, but the district court determined that the claim arising out of the November 2002 incident was time-barred, and thus only those claims relating to the last three incidents were permitted to proceed. *See Cruz–Berrios v. Gonzalez–Rosario,* 577 F.Supp.2d 561, 562 (D.P.R.2008) (*"Cruz–Berrios I"*).

Following a bench trial, the Puerto Rico Court of First Instance entered judgment against plaintiff, finding that the correctional officers had not used excessive force against him during either of the two incidents alleged in the Puerto Rico complaint. *See Cruz Berrios II,* 630 F.3d at 10 (summarizing the Puerto Rico court holding). In the wake of the local court ruling, this Court found that plaintiff was collaterally estopped from litigating the claims with respect to all three instances alleged in his federal complaint, even those not included in the Puerto Rico suit. *Cruz–Berrios I,* 577 F.Supp.2d at 565. The case was consequently dismissed with prejudice. *Id.*

---

1. Hannah L. Miller, a second-year student at University of Michigan Law School, assisted in the preparation of this Opinion and Order.

On appeal, the First Circuit Court of Appeals found that there could be crucial distinctions between the claims adjudicated in the Puerto Rico suit and the claims not yet adjudicated in the federal suit. *Cruz Berrios II*, 630 F.3d at 13 ("it is impossible to tell whether the conduct newly alleged in the federal case would turn out to be meaningfully different from the conduct tried on the merits in the state case.").

Defendants argued on appeal that dismissal of the case was proper not only because of collateral estoppel but also because plaintiff had not exhausted his administrative remedies prior to filing suit. *Id.* at 11. The First Circuit Court of Appeals noted that "[r]esolution of [the exhaustion of remedies] issue has the potential to dispose of the entire action without need for further consideration of the res judicata questions." *Id.* at 16. Accordingly, the First Circuit Court of Appeals reversed the dismissal of some of plaintiff's claims—those relating to the events of February 28, 2004 as against defendants whose party status in the Puerto Rico case was "unclear," as well as those relating to the events of August 18, 2004 and March 2, 2005, which were not tried in the Puerto Rico case—and remanded the case to the district court "for additional fact-finding as to whether the [PLRA] exhaustion requirement bars Cruz–Berrios's suit or not." *Id.* at 11, 16–17.

On March 14, 2011, this Court directed "plaintiff [to] inform the Court ... whether he complied with the exhaustion requirements." (Docket No. 135.) In compliance with this order, plaintiff filed a motion on March 22, 2011 in which he makes three principal arguments: (1) that his administrative file shows that he exhausted available administrative remedies with respect to each of three incidents alleged in his complaint, (2) that defendants waived the affirmative defense of non-exhaustion by not raising the defense in timely fashion, and (3) that defendants' failure to advance plaintiff's request for administrative remedies timely estops them from asserting a non-exhaustion defense. (Docket No. 138 at 2–5.) Although plaintiff included documents from his administrative file, these exhibits were submitted exclusively in Spanish, thereby placing them beyond the purview of this Court's review. *See Puerto Ricans for Puerto Rico Party v. Dalmau*, 544 F.3d 58, 67 (1st Cir.2008) (holding that a federal court cannot consider untranslated documents).

On March 24, 2011, defendants opposed plaintiff's motion; the opposition was accompanied by certified English translations of administrative records from the PR DOC. (Docket No. 139; Docket No. 142.) Defendants' version of the facts relating to plaintiff's pursuit of administrative remedies is not materially different from plaintiff's account. (*See* Docket No. 138; Docket No. 139; Docket No. 142.)

## II. Administrative Remedy Requirements under the PLRA

The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A federal action that alleges physical abuse by correctional officers is subject to this exhaustion requirement. *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

Exhaustion of all available administrative remedies is "mandatory." *Casanova v. Dubois*, 289 F.3d 142, 147 (1st Cir.2002) ("*Casanova II*"); *Casanova v.*

*Dubois,* No. Civ.A.98–11277–RGS, 2002 WL 1613715 at \*6 (D.Mass. July 22, 2002) (*"Casanova III"*) ("exhaustion requirement . . . is a condition precedent of federal relief."). This means that a plaintiff must exhaust all available remedies before federal relief can be granted, even if the available remedies are not " 'plain, speedy, and effective' " or do not "meet federal standards." *Porter,* 534 U.S. at 524, 122 S.Ct. 983 (quoting *Booth v. Churner,* 206 F.3d 289 (3rd Cir.2000)).

▆▆▆ Given the mandatory nature of the exhaustion requirement, proof of a plaintiff's failure to exhaust warrants dismissal of a plaintiff's complaint. *See e.g., Johnson v. Thyng,* 369 Fed.Appx. 144 (1st Cir.2010); *Matthews v. Cordeiro,* 256 Fed. Appx. 373 (1st Cir.2007); *Acosta v. U.S. Marshals Service,* 445 F.3d 509 (1st Cir. 2006); *Casanova II,* 289 F.3d at 147. Plaintiffs, however, are not required to plead exhaustion of administrative remedies. *Cruz Berrios II,* 630 F.3d at 11; *Casanova II,* 289 F.3d at 147. Rather, defendants carry the burden of demonstrating that the plaintiff failed to exhaust all available administrative remedies before filing suit. *Id.* Thus, only once a defendant has decisively proven that (1) administrative remedies were in fact available to the plaintiff, and (2) the plaintiff failed to exhaust them may a case be dismissed on non-exhaustion grounds. *See Cruz Berrios II,* 630 F.3d at 11; *Cf. Casanova v. Dubois,* 304 F.3d 75, 77 (1st Cir. 2002) (*"Casanova IV"*) (holding that dismissal was not required where defendants failed sufficiently to rebut plaintiff's claim that the prison system systematically refused to process prisoner complaints).

### III. The PR DOC's Internal Grievance Procedure

▆▆▆ The "boundaries of proper exhaustion" in any given case are defined by the prison system's own procedural requirements—not by the PLRA itself—and are a question of law. *Jones v. Bock,* 549 U.S. 199, 218, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Accordingly, to determine the "boundaries of proper exhaustion" the Court must look to the particulars of the PR DOC's internal grievance procedure. *Id.*

The procedure by which a member of the Puerto Rico correctional population can seek administrative remedies consists of five tiers of review. First, to initiate the grievance process, a prisoner must file a petition. (Docket No. 126–1 at 14–15.) The prisoner's petition is then reviewed by an evaluator, who must determine whether further investigation is necessary, and respond to the petitioner accordingly. *Id.* at 16–21. If the evaluator determines that further investigation is warranted, he may refer the matter to the program director, who "shall . . . notify the Corrections Administrator so that it may order an administrative investigation of the facts. . . ." *Id.* at 16. The results of the investigation are to be communicated to the petitioner. *Id.* at 16–17. Next, once the petitioner receives a response from the evaluator, he may appeal by moving for review within fifteen days of receiving the evaluator's response if he "disagrees with the reply issued." *Id.* at 21. If the petitioner takes this step, the evaluator must send the file to the regional coordinator, who has thirty days from the filing of the motion for review to issue a resolution. *Id.* at 21–22. Next, should the petitioner continue to remain unsatisfied with the regional coordinator's resolution, he may file a motion, within twenty working days after receiving the regional coordinator's resolution, to request that the regional coordinator reconsider the case. Then, if the petitioner still remains unsatisfied with the regional coordinator's response to his motion, he may

appeal by submitting a written request to the program director within fifteen days after receiving notice of the regional coordinator's decision. *Id.* at 25. The program director then has thirty days to issue a resolution to the petitioner. Finally, if the petitioner continues to remain displeased with the program director's resolution, he may request judicial review before the Puerto Rico Court of Appeals. *Id.* at 28.

## IV. Whether Plaintiff Exhausted Available Administrative Remedies

Plaintiff alleges three separate incidents of abuse—one in February, 2004, one in August, 2004, and one in March, 2005. (Docket No. 25.) The Court must determine whether plaintiff exhausted all available administrative remedies as required by the PLRA with respect to each of these three incidents of alleged abuse. *See* 42 U.S.C. § 1997e(a).

■ The record indicates that the following steps were taken pursuant to the prison's internal grievance procedure with respect to the events that allegedly occurred in February, 2004: (1) on March 3, 2004, plaintiff filed a request for administrative remedies, (2) on April 12, 2004, the evaluator filed a response to plaintiff's request, (3) on April 28, 2004, plaintiff requested a revision of the evaluator's response, (4) on May 27, 2004, the regional coordinator issued a resolution confirming the evaluator's response, (5) on June 17, 2004, plaintiff requested reconsideration of the regional coordinator's resolution, and (6) on June 30, 2005, plaintiff was notified that the regional coordinator's resolution had been affirmed. (*See* Docket No. 139 at 6; Docket No. 138 at 2–3; Docket No. 126–1 at 1–2.) It appears that plaintiff stopped short of exhausting administrative remedies when he opted not to file a writ of appeal to the program director after

being notified of the regional coordinator's final decision. (Docket No. 139 at 6; *See* Docket No. 126–1 at 25.)

■ Pursuing administrative remedies by taking some, but not all, of the steps available does not constitute exhaustion for the purpose of determining whether a party has exhausted all administrative remedies. *Johnson v. Thyng,* 369 Fed.Appx. at 148. Because plaintiff pursued only three out of five available tiers of administrative review, and chose not to appeal the resolution using the procedures available to him as part of the correctional facility's internal grievance procedure, plaintiff did not exhaust all available administrative remedies with respect to his claims relating to the February, 2004 incident. *See id.*

■ With respect to the events that allegedly occurred on August 18, 2004, the record indicates that (1) plaintiff filed a request for administrative remedies on September 8, 2004, (2) the evaluator referred the matter to the Remedies Program Director on September 14, 2004, and (3) the evaluator issued a response to plaintiff's request contesting plaintiff's allegations that he had been physically assaulted on October 6, 2004. (*See* Docket No. 139 at 5; Docket No. 142–2; Docket No. 138 at 3; Docket No. 126–1 at 2, 21; Docket No. 142–1 at 1–4.) The evaluator's response included language designed to notify the petitioner that he could "appeal to the examiner in a motion for revision, within fifteen (15) working days" if he did not "agree with response issued." (Docket No. 142–1 at 1.) The record indicates that plaintiff did not seek to appeal the evaluator's response. Because plaintiff could have appealed the evaluator's response, but did not do so, he failed to exhaust all available administrative remedies with respect to the events of August 18, 2004. (*See* Docket No. 126–1 at 2, 21; Docket No. 142–1 at 1–4.)

 Finally, with respect to the events that allegedly occurred on March 2, 2005, the record indicates that (1) plaintiff filed a request for administrative remedies on March 9, 2005, (2) the evaluator referred the matter to the Remedies Program Director on March 14, 2005, and (3) the evaluator issued a response on June 2, 2005 concluding that plaintiff was "not struck at any time" and that he had been "controlled because [he was] aggressive and [was] insulting Lt. William Class and other personnel." (*See* Docket No. 138 at 3; Docket No. 126–1 at 3, 21; Docket No. 142–1 at 5.) The response also indicated that the matter had been referred to the "director of the Administrative Remedies Program for action and/or notification as deemed pertinent." (Docket No. 142–1 at 5.) The response contained language indicating the availability of additional tiers of review should the petitioner wish to appeal the evaluator's decision. *Id.* Plaintiff did not seek appeal. (Docket No. 138; Docket No. 139; Docket No. 142.)

Plaintiff could have appealed the evaluator's response and did not do so. Thus, he failed to exhaust all available administrative remedies with respect to the events of March 2, 2005. (*See* Docket No. 126–1 at 3, 21; Docket No. 142–1 at 5.)

## V. Waiver of the Non–Exhaustion Defense

 Plaintiff argues in the alternative that defendants waived the affirmative defense of non-exhaustion by failing to raise it in a timely fashion. (Docket No. 138 at 4.) In *Casanova IV,* the First Circuit Court of Appeals noted that the failure to exhaust administrative remedies defense "may be subject to certain defenses such as waiver, estoppel, or equitable tolling." *Casanova IV,* 304 F.3d at 78 (quoting *Wendell v. Asher,* 162 F.3d 887, 890 (5th Cir.1998)). Thus, there is no question

that the non-exhaustion defense can be waived. *Id.*; *see also e.g., Johnson v. Testman,* 380 F.3d 691, 695–696 (2nd Cir. 2004); *Smith v. Mensinger,* 293 F.3d 641, 647 n. 3 (3rd Cir.2002); *Randolph v. Rodgers,* 253 F.3d 342, 348 n. 11 (8th Cir.2001). There is a question, however, as to what constitutes waiver.

The First Circuit Court of Appeals has not ruled squarely on this issue. It has, however, ruled on what constitutes waiver of other affirmative defenses. *See e.g., Guzman–Rivera v. Rivera–Cruz,* 98 F.3d 664 (1st Cir.1996). For instance, in *Guzman,* the First Circuit Court of Appeals held that "the defense of qualified immunity may be deemed waived if it is not raised in a diligent manner during the post-discovery, pre-trial phase." *Guzman–Rivera,* 98 F.3d at 668. Moreover, other courts have held that defendants did not waive their right to assert a non-exhaustion defense where they raised the defense in their answer. *See e.g., Johnson v. Rowley,* 569 F.3d 40 (2nd Cir.2009) ("[defendant] raised [the] defense in answer to prisoner's complaint, and continued to assert [the] defense throughout litigation. Thus, he has not waived the non-exhaustion defense."); *Nulankeyutmonen Nkihtaqmikon v. Impson,* 573 F.Supp.2d 311 (D.Maine 2008) ("the failure to raise an affirmative defense by motion will not result in a waiver as long as it is interposed in the answer.").

In this case, although defendants did not file their answer to plaintiff's second amended complaint until March 14, 2011, nearly six years after plaintiff filed his second amended complaint, they did raise the non-exhaustion defense in their answer. (Docket No. 133 at 16.) By asserting the defense in their pleadings, defendants preserved the right to advance the defense at a later time. *See Guzman–*

*Rivera,* 98 F.3d at 668; *Johnson,* 569 F.3d at 40.

Furthermore, as defendants note, the First Circuit Court of Appeals remanded this case to the district court with explicit instructions to make a determination as to whether plaintiff exhausted all available administrative remedies. *Cruz Berrios II,* 630 F.3d at 13. The instruction itself suggests that the First Circuit Court of Appeals did not consider the non-exhaustion defense waived. *See id.* Accordingly, the Court holds that defendants did not waive their right to raise a non-exhaustion defense.

## VI. Estoppel of Non–Exhaustion Defense

 Plaintiff's third argument is that defendants should be estopped from asserting a non-exhaustion defense. (Docket No. 138 at 5.) Plaintiff relies on *Ziemba v. Wezner,* 366 F.3d 161, 163 (2nd Cir.2004), in which the Second Circuit Court of Appeals acknowledged that estoppel may be appropriate where defendants hindered plaintiff's ability to exhaust all administrative remedies. *Ziemba,* 366 F.3d at 163. The record, however, does not indicate that defendants interfered with plaintiff's ability to pursue administrative grievances or that plaintiff's grievances were unduly delayed. (Docket No. 126–1 at 1–3.) Although plaintiff may not have received timely notification of the results of the administrative investigations, the administrative investigation process appears to have no bearing on the five-tiered grievance procedure that must be exhausted. (Docket No. 126–1 at 16–17, 21.) Thus, any delays in communicating the results of the administrative investigations would not have prevented plaintiff from appealing the evaluator's response pursuant to Article XIII, Section 1 of the PR DOC Regulations. (Docket No. 126–1 at 16–17, 21.)

Because plaintiff's failure to exhaust all available administrative remedies is not attributable to defendants' actions, defendants are not estopped from asserting a non-exhaustion defense. *See Ziemba,* 366 F.3d at 163.

## VII. Conclusion

In summary, the Court makes the following determinations: (1) plaintiff failed to exhaust available administrative remedies with respect to his claims relating to the three incidents of abuse alleged, (2) defendants did not waive their right to raise the non-exhaustion defense, and (3) defendants are not estopped from asserting such defense. Given that exhaustion of available administrative remedies is mandatory under the PLRA, 42 U.S.C. § 1997e(a), plaintiff's failure to exhaust available remedies mandates dismissal of this case. Accordingly, the Court notes plaintiff's motion in compliance with its order and **DISMISSES this case with prejudice** on the theory that defendants have successfully carried their burden to demonstrate that plaintiff did not exhaust all available administrative remedies before filing suit, as required by the PLRA. *See* 42 U.S.C. § 1997e(a).

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**