**H. Patrick BARCLAY, Plaintiff–Appellant,**

v.

**Correctional Officer LOWE, et al., Defendants–Appellees.**

No. 04–5441–PR.

United States Court of Appeals, Second Circuit.

May 24, 2005.

H. Patrick Barclay, Pine City, NY, for Appellant, pro se.

Present: WINTER, KATZMANN, Circuit Judges, and MURTHA, District Judge.*

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is **AFFIRMED.**

H. Patrick Barclay, *pro se*, appeals from a judgment of the U.S. District Court for the Western District of New York (Larimer, *J.*), *sua sponte* dismissing his 42 U.S.C. § 1983 complaint. The parties familiarity with the facts is assumed.

This Court reviews district court dismissals based on the rule against duplicative litigation for abuse of discretion. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir.2000). A district court may dismiss a suit that is duplicative of another federal court suit as part of its general power to administer its docket, *see id.*, unless there are special circumstances that favor prioritization of the second suit, *see Taylor v. Rodriguez*, 238 F.3d 188, 197 (2d Cir.2001). District courts have the power to dismiss duplicative suits because "plaintiffs have no right to maintain two actions

---

* The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

on the same subject in the same court, against the same defendant at the same time." *Curtis,* 226 F.3d at 138–39. A suit is duplicative of another, or subject to dismissal under claim preclusion, when "the same proof is needed to support the claims in both suits or, in other words, whether facts essential to the second suit were present in the first suit." *See id.* at 139.

Here, the district court did not abuse its discretion in dismissing *Barclay II.* Contrary to Barclay's assertion, the two suits involve essentially the same facts, and there are no special circumstances that favor prioritizing *Barclay II.* Both suits allege that Attica officials assaulted Barclay in retaliation for filing lawsuits and grievances, denied him adequate medical care, discriminated against him based on his race, and subjected him to false disciplinary charges. In regard to the alleged assault that took place in July 2003 that was raised in *Barclay II,* this claim *could* have been presented to the district court in *Barclay I,* as the complaint in that case was filed after the date of the alleged incident. *See id.* (claim preclusion " 'precludes the parties or their privies from relitigating issues that were or could have been raised in [the first] action' ") (quoting *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)). Furthermore, Barclay can still raise this claim by amending his complaint in the first suit, as the first suit is still pending in the district court, and the district court has advised Barclay to make a motion to add the new claims that he raised in *Barclay II* to *Barclay I. See* Dist. Ct. Dkt. Sht. No. 03–cv–6585.

Although Barclay named different defendants in the second suit than in the first, the suits are nonetheless duplicative because the defendants in the second suit are in privity with the defendants in the first suit. All defendants are employees of Attica and their interests are adequately represented by those in the first suit who are "vested with the authority of representation." *Alpert's Newspaper Delivery, Inc. v. The New York Times Co.,* 876 F.2d 266, 270 (2d Cir.1989).

The district court did not abuse its discretion in dismissing *Barclay II* instead of consolidating it with *Barclay I,* as it is within its power to administer its docket so as to avoid duplicative litigation in any manner it chooses. *See Curtis,* 226 F.3d at 138–39.

For the foregoing reasons, district court's judgment dismissing Barclay's complaint is AFFIRMED.