# United States Court of Appeals
## For the First Circuit

Nos. 04-2194
       04-2212

FRANK GENER-VILLAR, d/b/a GENER ADVERTISING,

Plaintiff, Appellant,

v.

ADCOM GROUP, INC.; DEBBIE ALONSO; SUPERMERCADOS MR. SPECIAL,
INC.; SANTOS ALONSO-MALDONADO,

Defendants, Appellees.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Selya, Circuit Judge,
Coffin, Senior Circuit Judge,
and Lipez, Circuit Judge.

Edelmiro Salas González, with whom José Luis Ramírez de León
was on brief, for appellant.
Ramon L. Walker Merino, with whom Walker Merino Law Office was
on brief, for appellees.

August 4, 2005

**Per Curiam**.    These appeals involve a copyright infringement claim stemming from a dispute over commercial graphic images produced by appellant under a contract with appellee Adcom. The parties had litigated the ownership of the images themselves in the Puerto Rico Circuit Court of Appeals.  That court held that, as a matter of Puerto Rico law, the actual images belonged to Adcom. Appellant then obtained a copyright to the images and brought this federal action.  The district court found that, under the doctrine of res judicata, the federal action was precluded by the earlier Puerto Rico court judgment, and granted summary judgment for the defendant.  That ruling was erroneous.  Res judicata does not apply because the Puerto Rico court did not have (and did not purport to have) jurisdiction over any potential federal copyright claims.  We therefore vacate the judgment.

We also address an issue concerning our local appellate rules relating to the need for English translations of the Puerto Rico court decisions relied upon by the parties.  While those rules were not complied with in this case, we find that sanctions are not appropriate given all the circumstances of the proceedings.

**I.**

Frank Gener-Villar ("Gener") is a graphic artist.  He contracted with Adcom, an advertising agency, to prepare images and advertising and promotional materials to use in Adcom's ads for its clients, including Supermercados Mr. Special.  The photographs and

-2-

digital images were stored on computers owned by Gener but located at Adcom facilities. The contract did not specify who retained the copyright to the images.

On February 22, 2000, Adcom terminated the contract and demanded that Gener turn over the images. He refused, and Adcom seized his computers. Gener then filed a "grievance" before a magistrate in the Investigations section of the San Juan Judiciary Center, seeking a provisional adjudication of the dispute under 32 P.R. Laws Ann. §§ 2871-2877 (authorizing magistrates to provisionally decide certain controversies). The court ordered that the disputed images be removed from Gener's computers, copied to diskettes, and deposited with the court under seal pending litigation over the ownership of the images.

Adcom filed an action in the Puerto Rico Court of First Instance, seeking, inter alia, a declaration that it was the owner of the works contained on the disk on the basis of its contract with Gener. Adcom also argued that it held the copyright to the images under the doctrine of a "work made for hire." See 17 U.S.C. §§ 101, 201(b).[1] Gener responded that Adcom's claim was for

---

[1]The difference between ownership of the images themselves and the ownership of the copyright to the images is essentially the difference between owning the physical object and owning the intellectual property rights underlying it. "Ownership of a copyright . . . is distinct from ownership of any material object in which the work is embodied. Transfer of ownership of any material object, including the copy . . . in which the work is first fixed, does not of itself convey any rights in the copyrighted work embodied in the object . . . ." 17 U.S.C. § 202.

-3-

economic rights deriving from the images, and thus the Puerto Rico law claim was preempted by federal copyright law and the Puerto Rico court lacked jurisdiction. See 17 U.S.C. § 301(a) (preemption); 28 U.S.C. § 1338(a) (exclusive federal jurisdiction).

We pause to explain this jurisdictional issue because it is central to understanding both how the Puerto Rico courts viewed the case and how we apply the doctrine of res judicata. If an action "aris[es] under" federal copyright law, the federal courts have exclusive jurisdiction. 28 U.S.C. § 1338(a). Determining precisely which actions "arise under" copyright law, and therefore fall within exclusive federal jurisdiction, "poses among the knottiest procedural problems in copyright jurisprudence." 3-12 M. Nimmer & D. Nimmer, Nimmer on Copyright § 12.01[A] (2001). In Royal v. Leading Edge Prods., Inc., 833 F.2d 1 (1st Cir. 1987), we explained:

> It is settled beyond peradventure that an action does not "arise under" the federal copyright laws merely because it relates to a product that is the subject of a copyright. The question of whether the suit "arises under" the copyright law is considerably more sophisticated. The most frequently cited test is that formulated by the Second Circuit, along the lines that:
>
> > an action "arises under" the Copyright Act if and only if the

For example, a collector who buys a painting from an artist may hang it in his house or sell it to a third party. However, the collector does not acquire, solely by buying the painting, the right to make and distribute prints of it.

-4-

> complaint is for a remedy
> expressly granted by the Act,
> e.g., a suit for infringement
> . . ., or asserts a claim
> requiring construction of the
> Act, . . ., or, at the very
> least and perhaps more
> doubtfully, presents a case
> where a distinctive policy of
> the Act requires that federal
> principles control the
> disposition of the claim. The
> general interest that
> copyrights, like all other forms
> of property, should be enjoyed
> by their true owner is not
> enough to meet this last test.

Id. at 2 (quoting T.B. Harms Co. v. Eliscu, 339 F.2d 823, 828 (2d Cir. 1964) (Friendly, J.)) (citation omitted; alterations in original).

The Court of First Instance hypothesized that if Adcom indeed held the copyright to the images pursuant to the "work made for hire" doctrine, Adcom's copyright-based ownership claim would arise under copyright law and the entire case would be outside the jurisdiction of the Puerto Rico courts. Conversely, if Adcom did not hold the copyright to the images under that doctrine, the contractual claim over the images themselves would not be preempted and the court would have jurisdiction to decide it. See Adcom Group, Inc. v. Gener, No. KPE-00-0640, slip op. at 7-8, 14 (P.R. Ct. of First Instance May 4, 2000) (certified translation) ("Adcom I").

Thus, the Puerto Rico trial court began its analysis by determining whether Adcom held the copyright under the "work made for hire" doctrine. The court concluded that, because Gener was an independent contractor and the images at issue did not fall into certain specific categories, the images did not constitute "work made for hire" under federal copyright law. See Adcom I at 12-14.[2] It did, however, credit Adcom's contractual argument, and held that "all the graphic artworks commissioned by [Adcom] from [Gener] during the effective period of the contract belong to [Adcom]." Id. at 22.

The court was careful to emphasize the limited nature of its holding. In response to Gener's argument that Adcom's claim fell within exclusive federal jurisdiction, the court explained that the action (as narrowed and construed by the court) did not arise under federal copyright law because it was "not based on a claim for an author's economic rights, but on the delivery of a computer disk over which[] [Adcom] alleges having an ownership right due to having paid for the information contained in it." Id. at 19. The court emphasized this point again towards the end of its opinion:

> [W]e are not adjudicating the possible
> intellectual original ownership which [Gener]
> may have with regard to the works in

---

[2]It also discussed the Puerto Rico intellectual property doctrine of "moral rights," which is not at issue here and which we will not discuss further.

-6-

controversy . . . . What we are saying is that [Gener], by means of a contract, transmitted to [Adcom] the graphic artworks requested in exchange for a payment, with [Adcom] then becoming the owner of the same.

Id. at 23.

Gener appealed to the Puerto Rico Circuit Court of Appeals. That court largely repeated the trial court's reasoning. See Adcom Group, Inc. v. Gener, No. KLAN-00-00775 (P.R. Ct. App. Mar. 30, 2001) (certified translation) ("Adcom II"). After an extensive analysis, it concluded that the "work made for hire" doctrine did not apply, and that the Puerto Rico courts had jurisdiction over the suit. See id. at 10-11. It agreed with the trial court's analysis that the suit concerned ownership of the actual images, not intellectual property rights:

As was correctly pointed out by the judge from the [trial court], we don't have before us a claim for an author's patrimonial rights, but a claim for the delivery of a computer diskette over which [Adcom] alleges having rights due to having paid for the information contained in it.

Id. at 13. Finally, it affirmed the trial court's ultimate determination that "the work performed by [Gener], by virtue of his contract with [Adcom], belongs to the latter." Id. at 14.[3]

That summer, Gener applied for a copyright to the images. In March 2003, he filed a federal copyright infringement action in

_____

[3]Although the record is not clear, it appears that Gener sought further review in the Puerto Rico Supreme Court, which declined to review the judgment of the Circuit Court of Appeals.

the United States District Court for the District of Puerto Rico against Adcom, Supermercados Mr. Special, and their respective presidents.[4] The defendants asserted a long list of affirmative defenses, most notably res judicata, and moved for summary judgment on numerous grounds, focusing mainly on res judicata. Gener responded, in part, that the Puerto Rico and federal claims lacked sufficient identity because the Puerto Rico courts could not (and did not purport to) resolve any federal copyright questions. In Gener's view, the Puerto Rico court's discussion of the "work made for hire" doctrine was solely for the purpose of determining whether its jurisdiction was preempted or not.

The district court granted the motion for summary judgment on the grounds of res judicata. It noted Gener's argument that the Puerto Rico court lacked jurisdiction to determine who had the copyright to the images, but explained:

> [T]he state court did properly exercise its authority to interpret the terms of the contract and determine that the suit did not involve copyright law. In fact, the state court described at length why it did not believe copyright law applied to Plaintiff's claims. Thus, the state court was able to establish jurisdiction and determine the ownership issue relying solely on the contract between the parties.

---

[4]Purely for simplicity and brevity, we refer to defendants-appellees collectively as "Adcom," in part because the non-Adcom parties presented no independent argument for summary judgment below but rather simply joined in Adcom's motion.

Gener-Villar v. Adcom Group, Inc., No. 03-1306, slip op. at 3 (D.P.R. June 29, 2004). It dismissed the action with prejudice. Gener moved to alter or amend the judgment under Fed. R. Civ. P. 59(e), repeating his argument that the Puerto Rico court only adjudicated ownership of the images themselves and not of the intellectual property rights thereto, but the district court denied the motion. Gener then timely appealed.

## II.

We review a district court's grant of summary judgment de novo. Burke v. Town of Walpole, 405 F.3d 66, 75 (1st Cir. 2005). The district court's sole stated basis for granting summary judgment for defendants was res judicata. Since federal courts accord a Puerto Rico judgment the same preclusive effect as would a Puerto Rico court, see 28 U.S.C. § 1738, we apply Puerto Rico res judicata law.

In Puerto Rico, as in most jurisdictions, the term "res judicata" is often used to refer to either of two distinct but related doctrines. The first doctrine (known variously as claim preclusion, merger and bar doctrine, or simply res judicata) "generally binds parties from litigating or relitigating any [claim] that was or could have been litigated in a prior adjudication and prevents claim splitting." Futura Dev. Corp. v. Centex Corp., 761 F.2d 33, 42 (1st Cir. 1985). The second doctrine (known as issue preclusion or collateral estoppel) "forecloses

-9-

relitigation in a subsequent action of a fact essential for rendering a judgment in a prior action between the same parties, even when different causes of action are involved." Texaco P.R., Inc. v. Medina, 834 F.2d 242, 245 (1st Cir. 1987). The district court based its analysis entirely on claim preclusion, and the parties do the same on appeal. Consequently, so do we. See Fleet Nat'l Bank v. Gray (In re Bankvest Capital Corp.), 375 F.3d 51, 69-70 (1st Cir. 2004) (analyzing only the branch of res judicata doctrine argued by the parties).

Puerto Rico accords claim preclusive effect to a prior decision when "between the case decided by the sentence and that in which the same is invoked, there [is] the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such." 31 P.R. Laws Ann. § 3343. While "courts typically have refrained from interpreting the phrase 'perfect identity' literally" and "nominal differences between two actions [do not] undermine the preclusive effect of a commonwealth court ruling," Cruz v. Melecio, 204 F.3d 14, 19 (1st Cir. 2000), genuine differences between two actions will defeat preclusion. Furthermore, a decision has claim preclusive effect only if it was "rendered by a court with proper jurisdiction." Felix Davis v. Vieques Air Link, 892 F.2d 1122, 1124 (1st Cir. 1990). Gener challenges the identity of the Puerto Rico and federal actions, arguing that the Puerto Rico action did not arise under federal

-10-

copyright law, and he could not have brought the present copyright infringement action in the Puerto Rico court because, under 28 U.S.C. § 1338(a), the Puerto Rico court would have lacked subject matter jurisdiction.

We agree. The Circuit Court of Appeals specifically construed Adcom's Puerto Rico action as arising under Puerto Rico law. It carefully emphasized that the case was not "a claim for an author's patrimonial rights, but a claim for the delivery of a computer diskette." Adcom II at 13. It quoted approvingly the trial court's statement that "'[w]e are dealing with a controversy of a contractual nature for which this Court does have jurisdiction.'" Id. (quoting Adcom I at 19); see also Adcom I at 23 (repeating that court was "not adjudicating the possible intellectual original ownership which [Gener] may have with regard to the works in controversy").

To be sure, Adcom argued in the Puerto Rico court that "it has a right over the information in controversy in light of the doctrine of work made for hire," and the Puerto Rico court expressly concluded that the work made for hire doctrine did not entitle Adcom to the copyright to the images. Adcom II at 7, 10. But the entire purpose of that discussion was to illustrate that Adcom's contractual claims were separate from any copyright issues and were within the Puerto Rico courts' jurisdiction. As we understand it, the Puerto Rico court's "work made for hire"

-11-

analysis was solely for the purpose of determining whether the Puerto Rico court had jurisdiction or not.  The court discussed that doctrine to explain why Adcom's complaint did not arise under copyright law, which might have caused the entire action to fall under exclusive federal jurisdiction.[5]  Gener's argument that the entire case should be dismissed because it arose under federal copyright law did not actually transform the case into one that arose under federal copyright law; rather, the Puerto Rico court carefully separated out the Puerto Rico law claims and adjudicated only those claims.

Indeed, Adcom never clearly explains what either was, or should have been, litigated or decided in the Puerto Rico courts with preclusive effect in this case.  If Adcom means that the entire dispute should have been aired before the Puerto Rico court, and any claims that could have been (but were not) raised in the Puerto Rico court are barred, the argument fails because Gener's infringement claim could not have been raised in the Puerto Rico court:

> [C]laim preclusion generally does not apply where [the] plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy because of the limitations on the subject matter jurisdiction of the courts . . . .  If state preclusion law includes this

---

[5]We need not decide whether the Puerto Rico court's analysis of federal copyright preemption law was precisely correct because, in any event, the Puerto Rico court viewed its jurisdiction as limited to Puerto Rico law claims.

> requirement of prior jurisdictional competency . . . a state judgment will <u>not</u> have claim preclusive effect on a cause of action within the exclusive jurisdiction of the federal courts.

<u>Marrese</u> v. <u>Am. Acad. of Orthopaedic Surgeons</u>, 470 U.S. 373, 382 (1985) (internal quotation marks and citation omitted; second alteration in original); <u>see</u> <u>also</u> <u>RX Data Corp.</u> v. <u>Dep't of Soc. Servs.</u>, 684 F.2d 192, 198 (2d Cir. 1982) ("[A]n action for copyright infringement lies within the exclusive jurisdiction of the federal courts. Since the [state court] could not have heard the claim for copyright infringement, [plaintiff] is not barred from bringing it in federal court.") (citation omitted).

Finally, while Adcom argued numerous alternative grounds for summary judgment below, it argues on appeal only claim preclusion. Consequently, the other issues that Adcom argued below are not properly before us in these appeals, and it would be inappropriate to reach them. <u>Cf.</u> <u>United States</u> v. <u>Moran</u>, 393 F.3d 1, 12 (1st Cir. 2004) (in certain circumstances, an appellee must raise alternative bases for affirming a favorable judgment or risk waiver). Accordingly, we vacate the judgment on the basis that res judicata does not bar the action, without expressing any view on whether either party might eventually be entitled to summary judgment on other grounds.

**III.**

We think it appropriate, to forestall unnecessary difficulties in future appeals, to address an issue involving our own rules and our need for English translations of Puerto Rico court decisions relied on by the parties.

Very briefly, summary judgment was ordered for Adcom on the basis of Puerto Rico court decisions that were submitted to the district court in Spanish. Gener filed a motion requesting the court to order Adcom to file English translations of these decisions for the purpose of compiling an appellate record, but the motion was denied. The impact of the Puerto Rico decisions was critical to our review on appeal, and we therefore ordered Adcom to produce certified translations of them.

Our rules require that such translations be part of the record on appeal for the very reason that we were obliged to order their submission; we cannot effectively review a judgment that relies on non-English materials. Under these rules, "[i]f an unpublished . . . opinion of another court is cited" by a party for an authorized purpose, including "support [of] a claim of res judicata," "a copy of the opinion or disposition must be included in an accompanying addendum or appendix." lst Cir. R. 32.3(b), (a)(1), (a)(3). If that decision is not in English, another local rule specifies that "[t]he court will not receive documents not in

the English language unless translations are furnished." 1st Cir. R. 30(d).

Although we have made clear that the parties may not disregard such rules with impunity, see Deniz v. Municipality of Guaynabo, 285 F.3d 142, 148 (1st Cir. 2002), we do not feel that this is a situation calling for sanctions. Understandably, but unfortunately, the focus of court and parties in dealing with Gener's motion was on precedent and argument concerning the need to provide translations of non-English evidence. Gener's motion and Adcom's opposition were framed in these terms. In this context, the district court may have concluded that the requested translations were non-evidentiary materials and thus outside that precedent, overlooking counsel's separate obligation to provide the appellate court with translations of unpublished court decisions supporting the claim of res judicata.

Adcom points out that it was never ordered to submit a translation, and Gener, while vigorously arguing as we have noted, did not invoke the rules explicitly requiring such translations. Nor did Gener seek from us an order for translations with extended time for briefing. All things considered, we deem sanctions inappropriate here.

Judgment **vacated**. **Remanded** for further proceedings consistent with this opinion.