# United States Court of Appeals
## For the First Circuit

No. 10-1442

BENJAMÍN BERRÍOS-ROMERO,

Plaintiff, Appellant,

v.

ESTADO LIBRE ASOCIADO DE PUERTO RICO, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Marcos E. López, U.S. Magistrate Judge]

Before

Lynch, Chief Judge,
Torruella and Lipez, Circuit Judges.

Guillermo Ramos Luiña for appellant.
        Susana I. Peñagarícano-Brown, Assistant Solicitor General,
with whom Irene S. Soroeta-Kodesh, Solicitor General, Leticia
Casalduc-Rabell, Acting Deputy Solicitor General, and Zaira Z.
Girón-Anadón, Acting Deputy Solicitor General, were on brief, for
appellees.

April 27, 2011

**LYNCH**, **Chief Judge**.    Benjamín Berríos-Romero, a Puerto Rican prisoner convicted of second degree murder in 1993 and violation of a domestic relations restraining order in 2010, filed a federal civil rights action under 42 U.S.C. § 1983.  He alleged his constitutional rights were violated by a June 25, 2008 decision of the Administration of Corrections that he was ineligible under Puerto Rican law for pre-parole community-based diversion programs.

The exact nature of Berríos-Romero's constitutional claims is unclear.  As we understand it, he argues he has a constitutional right to rehabilitation and treatment, and that such rehabilitation and treatment must be carried out not in a prison, but in a community-based setting because Puerto Rican law grants him that entitlement.  His basic contention is that Puerto Rican law created a liberty interest in such community-based rehabilitation programs because it created a "justifiable expectation" or "implicit promise" of conditional liberty.  See Sandin v. Connor, 515 U.S. 472 (1995); Bd. of Pardons v. Allen, 482 U.S. 369 (1987).  His primary federal claim is that a denial of that alleged entitlement violates his procedural and substantive due process rights.  He also makes an equal protection claim.

The district court dismissed the federal claims on the ground that Puerto Rican law granted him no such protected liberty interest and dismissed the pendent state claims without prejudice. The court also reasoned, inter alia, that under Sandin, there was

no protected, state-created liberty interest for constitutional purposes because Berríos-Romero had not even pled that the deprivation of community placement "imposes atypical and significant hardships on [him] in relation to ordinary incidents of prison life."  Sandin, 515 U.S. at 484; see also Wilkinson v. Austin, 545 U.S. 209, 223 (2005).  We affirm, albeit on different grounds.

The Puerto Rican Court of Appeals (PRCA) on March 24, 2009 issued a decision that requires that we dismiss both the federal and pendent state claims with prejudice.  Berríos Romero v. Administración de Corrección, KLRA 2008-00955, 2009 WL 1522663 (P.R. Cir. Mar. 24, 2009).  The PRCA engaged in judicial review of the same administrative decision of the prison authorities which is at issue in the federal litigation and affirmed that decision.  It held that Berríos-Romero was properly excluded from participation in the community diversion programs, which are offered only to those qualifying under P.R. Laws Ann. tit. 4, § 1136a.[1]

Because the PRCA held he has no entitlement to the relief he seeks under Puerto Rican law, his federal due process claims fail, even if we were to accept his dubious argument that the proper inquiry turns on state statutes and regulations.  His claim

---

[1]    The PRCA also held that Berríos-Romero was ineligible for a diversion procedure, as he claimed he was, under Article 3.6 of the Domestic Abuse Prevention and Intervention Act, P.R. Laws Ann. tit. 7, § 636.

is barred by issue preclusion under the doctrine of res judicata. See Puerto Ricans for P.R. Party v. Dalmau, 544 F.3d 58, 69 (1st Cir. 2008) ("Issue preclusion, or collateral estoppel, 'forecloses relitigation in a subsequent action of a fact essential for rendering a judgment in a prior action between the same parties, even when different causes of action are involved.'" (quoting Gener-Villar v. Adcom Grp., Inc., 417 F.3d 201, 205-06 (1st Cir. 2005) (per curiam)).

It is clear, applying principles of Puerto Rican res judicata law, as we must, that Berríos-Romero's federal claims are barred by the March 2009 PRCA decision. Under Puerto Rico issue and claim preclusion law, P.R. Laws Ann. tit. 31, § 3343, there must be "the most perfect identity between the things, causes, and persons of the litigants." Cruz-Berrios v. Gonzalez-Rosario, 630 F.3d 7, 11 (1st Cir. 2010). The general principles are familiar. See Dalmau, 544 F.3d at 69; Breneman v. U.S. ex rel FAA, 381 F.3d 33, 38 (1st Cir. 2004). The PRCA issued a final judgment on the merits and Berríos-Romero did not appeal. There was sufficient identicality of the parties: the plaintiff and the defendant prison administrators. And there is sufficient identicality between the causes of action, as both are concerned with the same determination by the prison authorities that Berríos-Romero was ineligible for the programs in which he wishes to participate.

Berríos-Romero does not dispute any of this; rather he relies on an exception for situations in which a party was denied a fair opportunity to litigate his claims. See Baez-Cruz v. Municipality of Comerio, 140 F.3d 24, 30-31 (1st Cir. 1998). However, his argument that there are limitations on the presentation of evidence and cross examination of witnesses in prison administrative proceedings misses the point. The PRCA decision is based on its interpretation of Puerto Rican law and on the record of his conviction.

Berríos-Romero also argues that we are precluded from even considering the dispositive March 2009 PRCA decision for two reasons. First, he argues that the defendants failed to put an English copy of the relevant PRCA decision into the record until the appeal, so we should ignore it. Second, he argues that the defendants waived their res judicata argument as to this PRCA decision because the defendants failed to argue to the district court that this decision was res judicata. Neither is persuasive.

The first argument is mistaken for several reasons. A decision of a sister court is a proper matter of judicial notice. Lamar v. Micou, 114 U.S. 218, 223 (1985) ("The law of any state of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice, without plea or proof."); see also Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 12 (1st Cir. 2007); Getty

-5-

Petroleum Mktg. v. Capital Terminal Co., 391 F. 3d 312, 320 (1st Cir. 2004). We are taking judicial notice of law, not of fact. Thus, even when a copy of a judicial decision is placed in the record, it is not "evidence" nor is it fact. We may take judicial notice of law at any time. We certainly would have taken notice of the opinion had the PRCA decision been issued while this federal case was on appeal.

The question is whether we should take judicial notice here, given the negligence of defense counsel in not complying with the local rule that decisions in Spanish from the Puerto Rican courts should be translated into English if they are to be used in federal court. See D.P.R. Civ. R. 5(g) ("All documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Courts."); cf. 48 U.S.C. § 864 ("All pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language."). District court counsel for defendant failed to provide an English copy to the district court in violation of the local rule; however, appellate counsel has remedied this error and we see no reason to ignore the decision of the Puerto Rican courts simply to punish the derelictions of district court counsel.

More serious is the objection that this March 2009 PRCA decision was not argued to the district court as a basis for res judicata. Still, res judicata was raised by the defendants by motion as to an earlier PRCA decision affirming the administrator's decision to deny Berríos-Romero's release on parole.[2] The PRCA decision to which we now grant res judicata effect was, however, referenced in the plaintiff's complaint and to the district court. We see no reason to ignore the PRCA claim.

Strong considerations of comity lead us to apply res judicata here. The courts of Puerto Rico have found that Berríos-Romero simply does not have any right under Puerto Rico law to enter pre-release community-based programs. The choices as to those best suited for pre-release community-based rehabilitation programs are policy choices for Puerto Rico.

This leaves one final claim. We agree with the district court's dismissal of Berríos-Romero's equal protection claim. His complaint is inadequate in pleading that there is a gender based differential in access to pre-release community-based treatment programs. He has not pled the needed facts to give substance to his bare bones claim. It is not enough to use boiler plate language merely asserting plaintiff is "similarly situated in all respects." <u>Barrington Cove Ltd. P'ship</u> v. <u>R.I. Hous. & Mtg. Fin.</u>

---

[2] The correctness of the district court's decision to deny res judicata on the basis of that decision is not argued to us.

<u>Corp.</u>, 246 F.3d 1, 7 (1st Cir. 2001).  Further, the PRCA opinion demonstrates Berríos-Romero is not so similarly situated.

The dismissal of the federal claims is affirmed; the dismissal of the state claims is altered to be with prejudice. Costs are awarded to defendants.