10-4705-cv
DiGennaro v. Whitehair

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of March, two thousand twelve.

Present:
> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> > *Circuit Judges*,
> STEFAN R. UNDERHILL,
> > *District Judge*.[*]

_____

MARY DIGENNARO, Individually, and as Limited Executrix of the Estate of ALBERT DIGENNARO, on behalf of All Distributees,

> *Plaintiff-Appellant*,

> v.                                                            No.  10-4705-cv

LT. GORDON WHITEHAIR, Individually, and as a Police Officer of the Town of Gates, TOWN OF GATES POLICE DEPARTMENT, TOWN OF GATES,

> *Defendants-Appellees.*

_____

For Plaintiff-Appellant:                    Jeffrey Wicks, Jeffrey Wicks, PLLC, Richard G. Vogt,
                                            Richard G. Vogt, P.C., Rochester, N.Y.

_____

[*] The Honorable Stefan R. Underhill, of the United States District Court for the District of Connecticut, sitting by designation.

For Defendant-Appellee:                Michael B. Risman, Joseph S. Brown, Hodgson Russ
                                       LLP, Buffalo, N.Y.


        Appeal from the United States District Court for the Western District of New York
(Siragusa, *J.*).

        **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

        Plaintiff-appellant Mary DiGennaro appeals from a judgment of the United States District

Court for the Western District of New York (Siragusa, *J.*), granting defendant-appellee Lt.

Gordon Whitehair's motion to dismiss her complaint under Rules 12(c) and 16 of the Federal

Rules of Civil Procedure as duplicative of her prior action against the Town of Gates and

individual members of its police department.  In its Decision and Order of October 19, 2010, the

district court held that (1) DiGennaro's subsequent action against Whitehair was precluded by

her earlier complaint and (2) DiGennaro failed to show good cause for her non-adherence to the

magistrate judge's scheduling order regarding joining additional defendants to the first action.

On appeal, DiGennaro contends that the district court abused its discretion in dismissing her

complaint.  Specifically, DiGennaro argues that the second action was not actually duplicative of

the first, and that the second action was not filed as an attempt to circumvent the scheduling

order.  DiGennaro thus seeks reinstatement of her complaint against Whitehair or alternatively,

permission to amend her first complaint against the Town of Gates and individual members of its

police department to include the claims pled in the Whitehair complaint.  We assume the parties'

familiarity with the facts and procedural history of this case.

        "As part of its general power to administer its docket, a district court may stay or dismiss

a suit that is duplicative of another federal court suit."  *Curtis v. Citibank, N.A.*, 226 F.3d 133,

2

138 (2d Cir. 2000) (noting that in exercising this discretion, federal courts are required to "consider the equities of the situation"). A district court's dismissal of a complaint as duplicative of an earlier action is reviewed for abuse of discretion. *Id.* Moreover, "a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (internal quotation marks omitted).

We first turn to DiGennaro's argument that the district court abused its discretion in determining that her complaint against Whitehair was duplicative of her earlier action. "As between federal district courts . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). This policy protects judicial resources against the abuse of vexatious litigation and fosters the "comprehensive disposition" of disputes. *Id.* (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). Accordingly, we have held that "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis*, 226 F.3d at 139.

In this case, we conclude that the district court did not abuse its discretion in determining that the second action was duplicative of the first. Adjudication of the claims against Whitehair would necessarily involve findings on the exact same facts required to resolve the claims in the first action. And while Whitehair was not a named defendant in the original action, he is in privity with the defendants named in the original complaint as "[a]ll defendants are employees of [the Town of Gates] and their interests are adequately represented by those in the first suit who are 'vested with the authority of representation.'" *Barclay v. Lowe*, 131 F. App'x 778, 779 (2d

Cir. 2005) (summary order) (quoting *Alpert's Newspaper Delivery, Inc. v. The N.Y. Times Co.*, 876 F.2d 266, 270 (2d Cir. 1989)).

DiGennaro further argues that the second action was not filed to circumvent Magistrate Judge Payson's scheduling order because the decision to file a second action rather than seek to amend the complaint in the first action was made in good faith and did not cause prejudicial delay to the defendants. Rule 16(b) of the Federal Rules of Civil Procedure provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Although Rule 15(a) of the Federal Rule of Civil Procedure permits courts to freely give leave for a party to amend its pleadings "when justice so requires," Fed. R. Civ. P. 15(a)(2), this provision is balanced with Rule 16(b) so as not to render scheduling orders meaningless and undermine a court's ability to control its docket. *See Parker*, 204 F.3d at 339-40. Thus, "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Id.* at 340. Whether a party has established "good cause" depends upon that party's diligence. *Id.*

In its Decision and Order, the district court held that DiGennaro presented "no reason why Whitehair could not have been joined as a party in the 2007 lawsuit." App. 299. As evidence of "good cause" for her failure to join Whitehair to the first action, DiGennaro points to the fact that discovery in the first action did not begin until three weeks after the deadline for joining parties and amending the complaint in the scheduling order had passed. Furthermore, counsel for DiGennaro explained that, given his level of knowledge at the time, he could not have in good faith brought any claims against Whitehair until at least after Whitehair's

4

deposition in December of 2008. Still, the district court properly held that even if it accepted DiGennaro's representations, DiGennaro failed to demonstrate good cause for not moving to amend the original complaint until April 2010, and instead filing a second action against Whitehair in October 2009. Accordingly, we conclude that the district court did not abuse its discretion in finding that DiGennaro failed to demonstrate good cause for circumventing the magistrate judge's scheduling order and in dismissing her second complaint as duplicative.

We have considered the plaintiff-appellant's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK