# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0688, <u>Lorraine F. Menard v. Kimberlee A. Tyndall</u>, the court on October 26, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Lorraine F. Menard, appeals an order of the Circuit Court (<u>LeFrancois</u>, J.), following an evidentiary hearing, entering judgment for the defendant, Kimberlee A. Tyndall, on the plaintiff's small claim seeking damages for the defendant's publication of certain material in an online news service. The plaintiff sought damages on the theory that the material was subject to copyright protection in her favor, and that the defendant's publication of it had infringed upon her copyright. In ruling in favor of the defendant, the trial court found that the plaintiff had failed to establish that the publication was unauthorized, or that the material "was a literary composition of the plaintiff which required the defendant to get permission from the plaintiff prior to publishing." On appeal, the plaintiff asserts that she established, as a matter of law, that she was entitled to relief pursuant to RSA 352:1 (2009), and argues that the trial court's ruling in favor of the defendant improperly disregarded this statute and a number of legal authorities construing federal copyright law. She further contends that the trial court erred by disregarding certain evidence as hearsay, by not determining whether certain evidence submitted by the defendant was authentic, by not providing her with sufficient time to rebut the defendant's evidence, and by interpreting the evidence to find that the plaintiff was aware that the defendant was publishing the plaintiff's material.

At the outset, we note that when the trial court asked the plaintiff to specify the legal basis for her claim, she identified RSA 352:1 only as the statutory basis for her claim, expressly disclaiming the existence of any contract governing the publication in question. Nevertheless, she submitted a number of authorities construing the federal Copyright Act to the trial court, and on appeal, she argues that the trial court erred by disregarding those authorities. To the extent the plaintiff is arguing that the defendant violated the federal Copyright Act, federal courts have exclusive jurisdiction over federal copyright infringement suits. <u>See</u> 28 U.S.C. § 1338(a) (2012); <u>Gener-Villar v. Adcom Group, Inc.</u>, 417 F.3d 201, 203 (1st Cir. 2005). Accordingly, the circuit court lacked jurisdiction to decide any federal copyright infringement claim.

RSA 352:1 provides:

> Whenever any person, firm, association or corporation is the owner of any literary . . . composition and the rights of the author pertaining thereto, and such composition has not been copyrighted, printed or published, . . . it shall be unlawful for any other person to publish, produce, print, or sell or offer to sell the same without first obtaining the consent of the owner thereof.

RSA 352:1. A violation of this provision is specifically defined as a crime. RSA 352:2 (2009) ("Whoever violates RSA 352:1 shall be guilty of a misdemeanor."). Nothing in the statute provides a civil remedy for its violation, however, and the plaintiff has not established that a private right of action should be implied by its terms. See Snierson v. Scruton, 145 N.H. 73, 79 (2000); Marquay v. Eno, 139 N.H. 708, 715-16 (1995); cf. also RSA 352:10 (2009) (expressly providing a civil remedy for violations of RSA 352:7 (2009) and RSA 352:8 (2009) relative to the obligations of an art dealer). Indeed, we note that under 17 U.S.C. § 301(a) (2012), state law copyright claims, whether grounded in state statute or the common law, are expressly preempted by the federal Copyright Act so long as

> (1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103, and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106.

Briarpatch Ltd. v. Phoenix Pictures, Inc., 373 F.3d 296, 305 (2d Cir. 2004). Because RSA 352:1 does not provide for a private right of action, the plaintiff was not entitled to the relief she sought under that statute.

Because the plaintiff has not established that the defendant's publication of the material in question entitled her to the relief she sought in the circuit court, any of the remaining alleged errors that she raises on appeal could not have affected the outcome of the case. See Kessler v. Gleich, 156 N.H. 488, 494 (2007) (declining to disturb judgment for an alleged error that did not affect the outcome of the case or otherwise harm the appealing party).

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**

2